IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY HENDRIX,

                                              OPINION AND ORDER

            Petitioner,

                                              13-cv-214-bbc

    v.

ROBERT WERLINGER,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Larry Hendrix is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. He brings this habeas corpus petition under 28 U.S.C. § 2241 to challenge the constitutionality of the sentence imposed on him in this court on December 6, 2006. United States v. Hendrix, 06-cr-54-bbc. Petitioner was convicted of possessing a firearm as a felon and was sentenced under 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act to 262 months' imprisonment because he had two Illinois state convictions for burglary and a Wisconsin conviction for possession with intent to distribute cocaine. Sent. Trans., dkt. #76, in 06-cr-54-bbc. Petitioner contends that one of his Illinois burglary convictions should not have qualified as a predicate offense because that conviction had expired and his civil rights had been restored by the State of Illinois in 1976. He also argues that the court's use of the burglary conviction violates the ex post facto clause.

      Petitioner's attempt to use § 2241 to attack his sentence will be denied because he cannot show that 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his

1

detention. He could have raised the restoration of his civil rights when he filed his post conviction motion under § 2255 in 2008. At the time it was well settled in this circuit that an individual could not be found guilty of firearms possession if he had been told by the state that his civil  civil rights had been restored but not told specifically that he could not possess firearms.

This is not petitioner's first challenge to his conviction. Petitioner appealed his conviction and sentence, but on December 28, 2007, the Court of Appeals for the Seventh Circuit affirmed it. On May 13, 2008, petitioner filed a motion for post conviction relief under 28 U.S.C. § 2255, which was denied. He proceeded to file several successive § 2255 motions that were dismissed for lack of jurisdiction because petitioner had failed to obtain certification from the court of appeals before filing suit. Dkt. #1, in 10-cv-144-bbc; dkt. ##85, 87, 91, in 06-cr-54-bbc; dkt. ##1, 5, 13, 24 in 08-cv-274-bbc. In an order dated April 6, 2010 in case number 10-cv-144-bbc, I stated that if petitioner filed another challenge to his conviction or sentence that was not accompanied by an order of the Court of Appeals for the Seventh Circuit permitting the filing, I would place the document in the file of the case without responding to it. Dkt. #9, in 10-cv-144-bbc.

Petitioner's present challenge to his sentence is styled as a habeas corpus petition under § 2241 and is not accompanied by an order of the court of appeals permitting the filing. However, petitioner argues that his petition is not a successive § 2255 motion that requires permission from the court of appeals because his claims fall under the "savings clause" of § 2255(e). Under § 2255(e), a federal prisoner may use § 2241 to challenge the

legality of a conviction or sentence if he can show that a remedy under § 2255 would be "inadequate or ineffective" to test the legality of the detention. 28 U.S.C. § 2255(e). A remedy under § 2255 is inadequate or ineffective when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." Hill v. Werlinger, 695 F.3d 644, 648 (7th Cir. 2012). See also Brown v. Rios, 696 F.3d 638, 641 (7th Cir. 2012); Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2005); In re Davenport, 147 F.3d 605, 611–12 (7th Cir. 1998). A theory that could have been presented in the petitioner's first § 2255 cannot be raised in a petition under § 2241. Brown v. Caraway, 12-1439, slip op. at 5 (7th Cir. May 10, 2013); Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) ("[F]ailure to raise a claim the first time around does not render § 2255 'inadequate.'").

Petitioner makes no effort to explain how his ex post facto challenge fits within the savings clause of § 2255(e). Thus, I will not consider that claim further. As to the restoration of his rights claim, petitioner contends that this challenge falls under the savings clause because (1) he is relying on the court of appeals' decision in Buchmeier v. United States, 581 F.3d 561 (7th Cir. 2009) (en banc), which was decided after his first § 2255 motion, and (2) he is claiming that he is "actually innocent" of being an armed career criminal under the Armed Career Criminal Act.

Petitioner's present petition does not depend on a change of law postdating his 2008 § 2255 motion. In Buchmeier, the court of appeals considered Illinois's restoration of rights letters qualified as "a restoration of civil rights" and concluded that under 18 U.S.C. §

3

921(a)(20), the convictions for which the restoration of rights were made could not be counted as felonies. Id. at 567. However, Buchmeier did not establish new law. Rather, it reaffirmed the circuit's prior decisions that documents restoring rights must contain express notice of a bar to firearm possession. Id. at 565-67. The court recognized that the type of argument petitioner makes here has been available since at least 1990. Id. (citing United States v. Erwin, 902 F.2d 510 (7th Cir. 1990); United States v. Glaser, 14 F.3d 1213 (7th Cir. 1994); Dahler v. United States, 143 F.3d 1084 (7th Cir. 1998); United States v. Vitrano, 405 F.3d 506 (7th Cir. 2005)). See also Phillips v. United States, 12 C 9911, 2012 WL 6642490, *3 (N.D. Ill. Dec. 17, 2012) ("Buchmeier . . . reaffirmed prior Seventh Circuit . . . holdings"); Alicea v. Rios, No. 11–CV–1359, 2012 WL 6021324, at *3 (C.D. Ill. Nov. 21, 2012) ("Not only did Buchmeier not change the law, but its holding is not even novel. It is but one in a long line of cases stretching back to 1990 . . . ."); Stallings v. Cross, 12-CV-1097-DRH, 2012 WL 5415350, *2 (S.D. Ill. Nov. 6, 2012) ("The argument that a prior conviction on which petitioner's civil rights had been restored should not have been used to enhance his sentence could have been raised in the original § 2255 motion; Buchmeier was by no means the first reported case to present that theory."). Because the argument petitioner wishes to make was not foreclosed before Buchmeier, § 2255 was not inadequate or ineffective to test the legality of petitioner's detention. He cannot seek relief under § 2241.

ORDER

IT IS ORDERED that petitioner Larry Hendrix's petition for a writ of habeas corpus

under § 2241 is DISMISSED for lack of jurisdiction because his claims do not fit within the savings clause found in 28 U.S.C. § 2255(e). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 24th day of May, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge