IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY HENDRIX,

                                                                                       ORDER

                Petitioner,

                                                                       13-cv-214-bbc

       v.

ROBERT WERLINGER,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered on May 24, 2013, I dismissed petitioner Larry Hendrix's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction because his claims do not fit within the savings clause found in 28 U.S.C. § 2255(e). Now petitioner has filed a motion for reconsideration. Dkt. #12. That motion will be denied.

       In his petition, petitioner challenged the constitutionality of the sentence imposed on him in this court on December 6, 2006. United States v. Hendrix, 06-cr-54-bbc. Petitioner was convicted of possessing a firearm as a felon and was sentenced to 262 months' imprisonment, after he was found to be an armed career criminal under 18 U.S.C. § 924(e)(1) and a career offender under U.S.S.G. § 4B1.1. Petitioner contended that his sentence was unconstitutional because the court relied on an Illinois burglary sentence for which his civil rights had been restored in finding that he was an armed career criminal. However, as I explained in the previous order, petitioner cannot use § 2241 to attack his sentence because he cannot show that 28 U.S.C. § 2255 was inadequate or ineffective to test

1

the legality of his detention. He could have raised the restoration of his civil rights when he filed his post conviction motion under § 2255 in 2008. At the time it was well settled in this circuit that an individual could not be found guilty of firearms possession if he had been told by the state that his civil rights had been restored but not told specifically that he could not possess firearms. United States v. Erwin, 902 F.2d 510 (7th Cir. 1990); United States v. Glaser, 14 F.3d 1213 (7th Cir. 1994); Dahler v. United States, 143 F.3d 1084 (7th Cir. 1998); United States v. Vitrano, 405 F.3d 506 (7th Cir. 2005). Petitioner makes no new arguments in his motion for reconsideration regarding the savings clause in § 2255.

For the first time in his motion for reconsideration, petitioner raises an ex post facto challenge based on the court's application of sentencing guidelines that were "promulgated after he committed the crime and increased the application range of incarceration." Ptr.'s Mot., dkt. #12, at 4-5. He cites the Supreme Court's recent decision in Peugh v. United States, 133 S. Ct. 2072, 2081 (June 10, 2013), in which the Court held that it is a violation of the ex post facto clause to apply at sentencing more onerous guidelines than those in effect on the date that the offense was committed. This challenge is without merit; petitioner was sentenced under the guidelines in effect at the time his crime was committed. Sentencing trans., dkt. #76, 06-cr-34-bbc, at 22.

ORDER

IT IS ORDERED that petitioner Larry Hendrix's motion for reconsideration, dkt.

#12, is DENIED.

Entered this 12th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge